W. W. RISSER, Appellee, v. UNION SECURITIES COMPANY, Appellant.

**VENDOR AND PURCHASER:** Construction of Contract—Acceleration of Maturity. A proviso in a contract for the purchase of real estate on installment payments, entered into without artifice or deception, to the effect that an assignment of the contract by the vendee without the written consent of the vendor will *ipso facto* mature the entire indebtedness, is valid, even though our statute (Sec. 9452, Code of 1924) authorizes the assignment of such an instrument irrespective of the terms of any contract by the parties to the contrary. (See Book of Anno., Vol. 1, Sec. 12372, Anno. 7 *et seq.*)

Headnote 1:  39 Cyc. p. 1674.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 17, 1925.

SUIT in equity, to foreclose a contract of sale of real estate and to recover the purchase money therein provided. The defense is that a certain provision of the contract purporting to accelerate the due date of the payments provided for therein was void and of no effect, and that the payments sued for by the plaintiff were not yet due. There was a decree for the plaintiff, as prayed.—*Affirmed.*

*Stewart & Hextell,* for appellant.

*Clinton R. Dorn,* for appellee.

EVANS, J.—The record discloses that, in May, 1922, the

plaintiff sold to one Andrus certain real estate in the city of Des Moines, for an agreed consideration of $3,850, of which amount $600 was then and there paid. The balance was to be paid in monthly installments of $30 on the first day of each succeeding month until paid. The contract provided further as follows:

"And it is expressly agreed that it is in no event transferable without the consent in writing of the first party, and any transfer or assignment or acquisition of any interest in said property or under this contract, whether done or suffered or permitted by second parties shall be void and of no force and validity without the written consent of first party, and it is expressly agreed that one of the terms fixing the maturity of the payments herein provided for is that the entire balance unpaid on this contract shall immediately become due and payable upon any such transfer, assignment or acquisition in any manner of any interest in said property or under this contract without such written consent of first party."

Notwithstanding the foregoing provision, Andrus assigned the contract to the defendant herein. The defense is predicated upon the invalidity of that part of the contract herein quoted. The assignment by Andrus was made without the consent of the plaintiff. Upon learning of the assignment, the plaintiff elected to declare all installments due, and so notified the defendant.

We are advised by the briefs that this is a test case, and that the parties have co-operated, to simplify the issue and to confine the same strictly to the question of the validity of the above proviso. The attitude of counsel is indicated by the following excerpts from their respective briefs:

From the appellee's brief:

"While the nature of the action is that of foreclosure of a contract, yet in fact this is a test case, watched by all real estate men in Des Moines, as to the validity of a new form of contract involved in this case. The parties have made the record as simple as possible * * * 1. We frankly confess that we have been wholly unable to find a single adjudicated case directly in point. This case pioneers the way."

From the appellant's brief:

"The Union Securities Company in this instance will not

suffer if it loses this appeal.  It is in the real estate business, building houses and selling on the contract plan, and from the cold and calculating view of dollars and cents, it would perhaps be worth from $5,000 to $10,000 to lose this case and have contracts similar to this one declared legal, so it might adopt such contracts with safety. * * * It is not important, so far as this case is concerned; it means little or nothing to the appellant whether it loses or wins; but it does mean a great deal to the working people of the city of Des Moines and of other cities and towns in this commonwealth who hereafter acquire homes on contracts in pursuance to the one similar to Exhibit A.''

It will be noted, therefore, that the defense offered is altruistic and purely chivalrous, and is hostile to the real and ultimate interest of the defendant.

To be advised by counsel that they find no precedent, furnishes us neither aid nor assurance.  On the contrary, it is suggestive that the issue is forlorn, and that there never will be a precedent thereon, unless we make one.

Friendly lawsuits between litigants having ambiguous interest therein, wherein one party or the other, or each of them, loses if he wins, and wins if he loses, are not in high favor with the courts.  Such a suit is usually artificial and purposeful in its creation, and often becomes a sort of judicial trap, better calculated to catch the court than to aid it to proper decision.

The respective counsel herein have been commendably candid with the court in their disclosure of the trigger.  If we meddle with it rashly, the counsel shall be held blameless.  But our privilege of caution in such a presence ought to be at least equal to that of a fur-bearing animal under like condition.

In the perusal of the contract before us, we are not unmindful that the provision under attack could be so concealed in the multiplicity of the contractual provisions therein as to escape the observation of the vendee, and thereby to work a fraud upon him.  In such a case the courts will not hesitate to take account of the very form of the contract, and to note its adaptability to the uses of a fraudulent purpose.  No such question is presented here.  All claim of that kind is eliminated by understanding of the parties.  The vendee and his assignee knew that the contract contained just such provision, and, so know-

ing, each deliberately agreed to it. The contention for the defendant is that the proviso is void, as in violation of Section 3046, Code of 1897. That section simply renders all contracts assignable, regardless of prohibition. The prohibition against the assignment herein was, therefore, ineffective, and in that sense was both void and harmless. But the vendee did assign the contract, and was in no manner affected by the prohibition.

But he knowingly agreed in his contract that, if he did assign it (as he had a right to do), then all installments should at once become due. The one question presented to us is whether the vendee was thereby under disability to contract for the immediate payment of the purchase price, upon an assignment of the contract. Clearly, he could have contracted in the first instance for the full payment of the purchase price at the time of the execution of the contract. He was under no greater disability to contract first for time and for a later acceleration of payments in the specified contingency. We hold, therefore, that there was no disability; nor is there any question of public policy presented.

In the confessed absence of artifice or deception in including a proviso for acceleration of payment in a given contingency, we hold the same to be as valid as any other part of the contract.

The judgment below is, accordingly,—*Affirmed*.

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.